UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

DAVID BLIVEN,

                  Plaintiff,

-against-

HON. JOHN HUNT, both in his individual
and official capacity; HON. BARBARA
SALINITRO, both in her individual and official
capacity; HON. GUY DEPHILLIPS, both in his
individual and official capacity; DOUGLAS
FOREMAN, both in his individual and official
capacity; JULIE STANTON, both in her
individual and official capacity; CHERYL
JOSEPH-CHERRY, both in her individual and
official capacity; HON. JOSEPH LAURIA,
both in his individual and official capacity;
CITY OF NEW YORK; and "JOHN DOES,"
1-10, both in their individual and official
capacities, the identity and number of whom
is presently unknown to the plaintiff,

                  Defendants.
---------------------------------------------------------------X

**OPINION
AND ORDER**
05-cv-4852 (SJF)(LB)

FEUERSTEIN, J.

I.    Introduction

        Plaintiff, an attorney admitted to practice in the state of New York, files the instant action *pro se* pursuant to 42 U.S.C. §§ 1983 and 1985, asserting claims arising out of his alleged reduction in pay as a public defender within the Law Guardian Program, Appellate Division, Second Department and the Assigned Counsel Panel for the City of New York. Plaintiff paid the statutory filing fee to commence this action. As set forth below, Counts Two through Eight, which assert monetary claims against immune individuals, are dismissed as frivolous.

1

II. Background

Plaintiff alleges that his Fourth, Fifth, Sixth and Fourteenth Amendment rights were violated by Defendants' alleged concerted actions to reduce his compensation as a public defender. Specifically, Plaintiff alleges that Defendants, in retribution for filing motions that burdened the Administration for Child Services ("ACS") threatened to revoke his membership on the public defender panel and reduced the amount he was paid for his work.

According to Plaintiff, at the termination of a case in Queens Family Court, the public defender submits a voucher to the judge who presided over the case, itemizing the number of hours she or he has invested on the case. (Compl. ¶ 16). The vouchers are reviewed by the judge's court attorney, signed by the judge and then returned to the public defender. (Id. ¶¶ 17-18.) The public defender then submits the signed form to the City of New York and/or the State of New York for payment. (Id.) Within four to five weeks of submission, the public defender receives a check in the mail. (Id. ¶¶ 17-18).

Plaintiff alleges that in 2001 he filed motions to compel disclosure of the case records from ACS in fifteen cases. According to Plaintiff, while the motions were neither "frivolous [n]or inappropriate," they were "out of the norm" because public defenders usually accept "whatever portions of the case record" are provided by ACS. (Id. ¶¶ 22-23). Plaintiff claims that the ACS staff attorneys did not like that Plaintiff was filing these motions, (id.), and complained to their supervising attorneys, "who in turn complained to the Office of the Commissioner of ACS." (Id. ¶ 24). According to Plaintiff, soon after the ACS staff attorneys complained, certain judges began reducing Plaintiff's compensation. (Id.). Furthermore, Plaintiff alleges that his practice of filing motions was raised during his review for recertification on the public defender

2

panel. (Id. ¶¶ 24-26). Plaintiff contends that the reduction in fees was based on his filing of necessary motions on behalf of his clients and this violated his constitutional rights.

III. Analysis

The Court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000); see also Mallard v. United States District Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327(1989)); see also Jolley v. Chatigny, No. 04-Civ-182, 2004 WL 306116, at *2 (D.Conn. Feb.12, 2004) (holding that when it is clear that the defendants are immune from suit, a dispositive defense appears on the face of the complaint and the action can be dismissed as frivolous).

A. Standard of Review

Although plaintiff proceeds *pro se* here, he is an experienced attorney and accordingly his pleading is not entitled to the degree of liberality given to non-attorney *pro se* plaintiffs. Chira v. Columbia University in New York City 289 F. Supp.2d 477, 482 (S.D.N.Y. 2003) (citing Goel v. United States DOJ, No. 03 Civ. 0579, 2003 WL 22047877, at *1 (S.D.N.Y. Aug. 27, 2003)); Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir.2001) ("While we are generally obliged to construe pro se pleadings liberally, we decline to do so here because Smith is a licensed attorney.") (citations omitted); see also Goktepe v. Lawrence, No. 03 Civ. 89, 2005 WL 293491, at * 1 (D.

3

Conn. Jan. 26, 2005) (holding that pleadings of licensed attorney proceeding *pro se* are not construed using liberal standard typically afforded *pro se* litigants).

B. Judicial Immunity

1. Judges

Judges are absolutely immune from liability for judicial acts, however erroneous the act and however evil the motive. Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967). "Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." Butz v. Economou, 438 U.S. 478 (1978). Judicial immunity is overcome in only two situations. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11 (1991) (citations omitted). Plaintiff does not allege that the judges were acting beyond their judicial capacity or in the clear absence of jurisdiction. Defendants Hunt, Salinitro, DePhillips and Lauria are therefore entitled to absolute immunity from all of Plaintiff's claims, and Plaintiff's claims against them are dismissed.

2. Clerks

Judicial immunity extends to "certain others who perform functions closely associated with the judicial process." Cleavinger v. Saxner, 474 U.S. 193, 200 (1985). Thus, officials whose responsibilities are "functionally comparable" to those of a judge are also absolutely immune from liability. Butz v. Economou, 438 U.S. 478 (1978). For example, prosecutors, administrative law judges, federal hearing examiners, grand jurors and witnesses in judicial

proceedings are also absolutely immune from liabiltiy. Id.; Cleavinger, 474 U.S. at 200; Imbler v. Pachtman, 424 U.S 409, 431 (1976). This immunity also covers court clerks and law clerks with respect to discretionary acts that implement judicial decisions or that are performed at the direction or under the supervision of a judge. Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997) (finding absolute immunity from § 1983 claim since defendant's duties were related to judicial functions); Sindram v. Suda, 986 F.2d 1459 (D.C. Cir. 1993); Lowe v. Letsinger, 772 F.2d 308 (7th Cir.1985); Scott v. Dixon, 720 F.2d 1542, 1546 (11th Cir. 1983); Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981); Williams v. Wood, 612 F.2d 982 (5th Cir. 1980); Denman v. Leedy, 479 F.2d 1097, 1098 (6th Cir. 1973);. Oliva v. Heller, 839 F.2d 37 (2d Cir. 1988) ("[F]or the purposes of absolute judicial immunity, judges and their law clerks are as one.") (citation omitted); Mitchell v. McBryde, 944 F.2d 229 230 (5th Cir. 1991) ("[I]t is plain from the reasoning underlying our prior decisions that the judge's law clerk, when assisting the judge in carrying out the former's judicial functions, is likewise entitled to absolute immunity."); Fariello v. Campbell, 860 F. Supp. 54 (E.D.N.Y. 1994). Defendants Foreman, Stanton and Joseph-Cherry are alleged to be court attorneys working for the above-named judges in the Queens County Family Court. (Compl. ¶¶ 28, 31, 36). Whether characterized as law clerks or court clerks performing a discretionary function, these defendants are clearly entitled to absolute immunity since they were assisting the judges of the court in performing judicial functions. Oliva, 839 F.2d at 39-40. Plaintiff's claims against them are therefore dismissed.

3. John Does 1-10

Plaintiff asserts claims against John Does 1-10 in the caption and describes them in the complaint only as "appointees, employees, agents and/or servants of the State of New York

5

and/or the City of New York." (Compl. ¶ 10). To the extent these unnamed defendants are judges or court clerks assisting in the performance of judicial functions, they are immune and Plaintiff's claims are frivolous. Furthermore, even if these defendants are not within the scope of judicial immunity, Plaintiff's complaint is completely devoid of allegations as to who these defendants are or how they were involved in the alleged deprivation of his rights. Wright v. Smith, 21 F.3d 500, 501 (1994). While Plaintiff is not obligated to provide names, he must at least provide basic information describing these individuals' relevance to this lawsuit. See Fed. R. Civ. P. 8. Because Plaintiff has not provided any such information, these claims lack any arguable basis and are dismissed as frivolous.

4. Request for Injunctive Relief

Plaintiff also seeks injunctive relief in addition to money damages. (Compl. ¶¶ 13, 14). Specifically, plaintiff requests an order (1) "[d]eclaring any statute, regulation, policy or custom which requires a Judge to sign a voucher for compensation for services rendered by a public defender to be unconstitutional;" (2) requiring disputes over public defender fees to be submitted to arbitration; and (3) removing the requirement that a public defender's claim for compensation be signed by a judge before a it will be processed or approved. (Id. ¶ 14).

Pursuant to the Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); see e.g., Huminski v. Corsones, 396 F.3d 53,

74 (2d Cir. 2005); Montero, 171 F.3d at 761 (2d Cir.1999); Arena v. Dep't of Soc. Services of Nassau County, 216 F. Supp.2d 146, 154 (E.D.N.Y.2002); Jones v. Newman, No. 98-Civ-7460, 1999 WL 493429, at *6 (S.D.N.Y. June 30, 1999); Ackerman v. Doyle, 43 F. Supp. 2d 265, 272 (E.D.N.Y.1999); Kampfer v. Scullin, 989 F. Supp. 194, 201 (N.D.N.Y.1997). Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable, and thus the 1996 amendments to § 1983 bar plaintiff's claim against the judicial defendants and their assistants.

5. The City of New York

Plaintiff asserts claims against the City of New York for its alleged breach of contract and violation of his constitutional rights. While not acknowledging the merits of these claims, they cannot be said to be frivolous. Therefore, they are not subject to *sua sponte* dismissal.

IV. Conclusion

Plaintiff's claims against the INDIVIDUAL DEFENDANTS are DISMISSED.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: December 2, 2005
Brooklyn, New York

To:

**Monica Connell**
Assistant Attorney General
Office of the New York State Attorney General
120 Broadway, 24th Floor
New York, NY 10271

**David Bliven**
Law Office of David I. Bliven
445 Hamilton Avenue
Ste. 607
White Plains, NY 10601

**Kimberly Conway**
New York City Law Department
100 Church Street
New York, NY 10007