UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

DAVID BLIVEN,

                Plaintiff,

-against-

HON. JOHN HUNT, both in his individual
and official capacity; HON. BARBARA
SALINITRO, both in her individual and official
capacity; HON. GUY DEPHILLIPS, both in his
individual and official capacity; DOUGLAS
FOREMAN, both in his individual and official
capacity; JULIE STANTON, both in her
individual and official capacity; CHERYL
JOSEPH-CHERRY, both in her individual and
official capacity; HON. JOSEPH LAURIA,
both in his individual and official capacity;
CITY OF NEW YORK; and "JOHN DOES,"
1-10, both in their individual and official
capacities, the identity and number of whom
is presently unknown to the plaintiff,

                Defendants.
——————————————————————X

**OPINION
AND ORDER**
05-cv-4852 (SJF)(LB)

FEUERSTEIN, J.

    I.    Introduction

Before the Court are objections by plaintiff *pro se* David Bliven ("Plaintiff" or "Bliven") to a Report and Recommendation of United States Magistrate Judge Lois Bloom dated June 7, 2006 (the "Report") recommending that Plaintiff's motion for leave to amend his complaint be denied. For the reasons stated herein, I hereby accept that portion of the Report recommending denial of Plaintiff's motion for leave to amend.

    II.    Procedural History

Plaintiff, an attorney admitted to practice in New York, initiated this action pursuant to,

1

inter alia, 42 U.S.C. §§ 1983 and 1985, alleging improper reduction in his remuneration as a public defender within the Law Guardian Program, Appellate Division, Second Department and the Assigned Counsel Panel for the City of New York. On December 2, 2005, I *sua sponte* dismissed as frivolous those claims asserted against the individual defendants on the ground that, as judges and related staff, they possessed absolute immunity. Plaintiff moved for leave to amend his complaint on January 10, 2006. On June 7, 2006, Magistrate Judge Bloom's Report recommended that I deny Plaintiff's motion for leave to amend on the ground that amendment would be futile. Magistrate Judge Bloom also stated that "[a]s plaintiff's federal claims should all be dismissed, I further recommend that the Court should decline to extend supplemental jurisdiction over plaintiff's breach of contract claim against the municipal defendant." (Report at 18). Plaintiff objected to the Report on June 16, 2006, and defendant the City of New York responded on June 26, 2006. The Individual Defendants have not, to date, filed any response to Plaintiff's objection.

III. Analysis

Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(B)-(C) require a de novo review of a Magistrate Judge's ruling that is, inter alia, "dispositive of a claim or defense . . . ." 28 U.S.C. § 636(b)(1)(B)-(C). See HCC, Inc. v. R H & M Mach. Co., 39 F. Supp. 2d 317, 321-22 (S.D.N.Y. 1999) (deeming a denial of a motion for leave to amend on futility grounds dispositive); Gallegos v. Brandeis Sch., 189 F.R.D. 256, 258 (E.D.N.Y. 1999) (Seybert, J.). Plaintiff objects to the Report claiming, inter alia, that it (1) erroneously focused only on the 'excess compensation' claim, (Obj. ¶ 3), (2) incorrectly determined that the challenged actions were within the scope of the judges' subject matter jurisdiction, (id. ¶¶ 6-7), and (3) failed to examine the "nature of the act" in finding the individual defendants' actions to be judicial in nature. (Id. ¶¶ 10-14).

2

Upon a de novo review of the Report, and upon careful consideration of Plaintiff's objections, I hereby overrule Plaintiff's objections, and ACCEPT AND ADOPT as an Order of the Court that portion the Report recommending denial of the motion for leave to amend. However, I DECLINE TO ADOPT the portion of the Report recommending that the claims against the City of New York be dismissed. Specifically, Plaintiff has alleged that the City of New York violated his constitutional rights by, inter alia, "fail[ing] to discipline, train, supervise or otherwise correct improper, illegal and unlawful conduct of the individual defendants in this and in similar cases." (Cmplt. ¶ 83). Because Plaintiff has asserted a non-frivolous federal claim,[1] (Dec. 2, 2005 Order at 7), and the City of New York has failed to move for dismissal of that claim, I furthermore cannot adopt the Report's recommendation against exercising supplemental jurisdiction over the state law claims.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: June 28, 2006
Brooklyn, New York

---

[1] This Order, like the December 2, 2005 Order, does not acknowledge the merits of these claims.

3

Copies to:

Monica Connell
Assistant Attorney General
Office of the New York State Attorney General
120 Broadway, 24th Floor
New York, NY 10271

David Bliven
Law Office of David I. Bliven
445 Hamilton Avenue
Ste. 607
White Plains, NY 10601

Kimberly Conway
New York City Law Department
100 Church Street
New York, NY 10007